UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CBS OUTDOOR, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 4616 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| VILLAGE OF ITASCA, ILLINOIS, ) | |
| CLAUDIA GRUBER, JEFF AIANI, ) | |
| MICHAEL LATORIA, ELLEN LEAHY, ) | |
| JEFF PRUYN, RON PUTZELL, ) | |
| TOM REYNOLDS, and WAYNE HUMMER, ) | |
| TURST COMPANY, N.A., as trustee ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION & ORDER**

Defendants Village of Itasca, Illinois, Claudia Gruber, Jeff Aiani, Michael Latoria, Ellen Leahy, Jeff Pruyn, Ron Putzell, and Tom Reynolds (collectively the "Village") and Wayne Hummer Trust Company, N.A., as trustee under a Trust Agreement know as Trust B.E.V. 2384 (the "Trust"), move to dismiss Plaintiff CBS Outdoor, Inc.'s ("CBS's") Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failing to state a claim under Rule 12(b)(6).

### I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are

not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl., Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face . . . ." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

## II. BACKGROUND

In 1982 CBS's predecessor in interest erected a billboard (the "Sign") on property located at 865 W. Irving Park Road, Itasca, Illinois (the "Property") which it leased under a contract providing for an initial term of fifteen years with an option to renew for five more. In 1983 the first owner of the Property asked the Village to rezone it. As a condition of the zoning change the Village required that the then owner to cancel its lease with CBS's predecessor in interest by May 13, 1992; the sign was to be removed thirty days after cancellation. The deadline came and went and the sign remained in place.

In 1998 CBS's predecessor in interest entered into a lease with the second owner of the Property for a ten year term ending May 31, 2008. In 2003 the third owner of the Property entered into an agreement with the Village for another zoning change contingent

on the non-renewal of the lease at the expiration of the lease term in 2008 and further providing that the sign be removed within 30 days of the termination of the lease. In exchange for the zoning change the then owner of the Property additionally agreed to pay a fine equal to 90% of the monthly value of the lease for every month that the Sign remained on the Property after June 30, 2008; the Village memorialized this agreement with the then owner by passing Ordinance No. 1180-03.

In June 2007 the Trust, defendant and current owner of the Property, purchased the Property contingent on the receipt of a special use permit from the Village. A month later, the Village passed Ordinance No. 1395-07, which approved the special use request subject to the removal of the billboard consistent with the 2003 removal agreement and Ordinance 1180-03. The Trust purchased the Property after the passage of the ordinance and assigned the lease to the beneficiaries of the trust. The lease term expired on May 31, 2008 and CBS does not allege that it has been renewed.

CBS filed its initial three-count complaint in the Circuit Court of Cook County, Illinois alleging a state law cause of action under the Illinois Eminent Domain Act, 735 Ill. Comp. Stat. 5/7-101, *et seq.*, and seeking federal relief under 42 U.S.C. § 1983 for violation of the "just compensation" and due process clauses of the Fifth Amendment to the U.S. Constitution. The Village removed the case to this court and sought to dismiss the federal claims based on the ripeness doctrine applicable to constitutional takings, which requires a plaintiff to exhaust state procedures allowing the owner to obtain compensation before seeking relief in federal court. *See generally Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 & n. 13 (1985). CBS subsequently filed its Amended Complaint alleging essentially the same

3

facts, but dropping its Fifth Amendment "just compensation" claim and instead alleging constitutional claims for violation of the substantive due process clause, violation of the Fifth and Fourteenth Amendments, and violation of the equal protection clause of the Fourteenth Amendment in addition to its claims under state law. The Amended Complaint contains seven counts in total. Count I seeks a declaration that the removal provisions in the relevant ordinances are invalid under Illinois law. Counts II and III allege violations of the Illinois Constitution. Counts IV and V respectively allege violations of substantive due process and equal protection under the U.S. Constitution. Count VI[1] is a claim for relief under 42 U.S.C. § 1983 based on the constitutional violations set out in Counts IV and V. Count VII is an inverse condemnation action under the Illinois Eminent Domain Act. The Village renewed its motion to dismiss based on *Williamson County* and Rule 12(b)(6).

### III. ANALYSIS

The Amended Complaint's omission of a Fifth Amendment "just compensation" claim does not necessarily relieve CBS of *Williamson County*'s requirements. The Seventh Circuit has extended *Williamson County* to encompass due process and equal protection claims "when those claims fall within the framework of a takings claim." *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 961 (7th Cir. 2004). Indeed, the Seventh Circuit has noted that it has "yet to excuse any substantive due process claim in the land-use context from *Williamson County*'s ripeness requirements." *Forseth v. Village of Sussex*, 199 F.3d 363, 369 (7th Cir. 2000). Even so, CBS argues that its constitutional

---

[1] Count VI improperly cites 42 U.S.C. § 1983 as a separate cause of action but the substantive rights violations alleged therein are identical to the allegations in Counts IV and V: substantive due process and equal protection. Therefore the court will treat Count VI as a part of the allegations in Counts IV and V.

4

claims are ripe because *Williamson County* does not apply to it, but asks the court to remand its state law claims to the Illinois circuit court. CBS would have the court retain jurisdiction over its federal claims but abstain from deciding them on the merits until the Illinois circuit court resolves its state-law dispute. *See* Resp. 5-7.

CBS cites *Yee v. City of Escondido, California*, 503 U.S. 519 (1992), for the proposition that its due process claim is ripe. *Yee* found that a facial challenge to a city-wide mobile home landlord/tenant regulation was not subject to the exhaustion requirement of *Williamson County* because the facial attack did "not depend on the extent to which petitioners are deprived of the economic use of their particular pieces of property or the extent to which these particular petitioners are compensated." *Id*. at 534. By contrast, the *Yee* petitioner's as-applied challenge to the landlord/tenant regulation was subject to *Williamson County*. *Id*. The Seventh Circuit has interpreted *Yee* to exempt a litigant from *Williamson County* only where a litigant is "*solely* mounting a pre-enforcement facial challenge to the constitutionality of a statute under the Fifth Amendment." *Daniels v. Area Plan Comm'n of Allen County*, 306 F.3d 445 (7th Cir. 2002)); *Alexander v. Cummings*, No. 08-cv-1421, 2009 WL 2245099, at *4 (S.D. Ind. July 27, 2009) (dismissing takings claim based on *Williamson County* and *Daniels* because plaintiff did not solely seek injunctive relief). Otherwise, the court must apply *Williamson County* if it finds that a plaintiff's claims fall "within the framework of a takings claim." *Greenfield Mills*, 361 F.3d at 961.

CBS' Amended Complaint mounts more than a facial challenge to the Defendants actions and its allegations fit neatly into a takings framework. Indeed, Count VII of the Amended Complaint alleges an inverse condemnation action under the Illinois Eminent

Domain Act, a classic takings remedy that is plainly subject to *Williamson County*'s requirements. See *Id*. Alternatively, an allegation that state law procedures are inadequate can support a ripeness finding, but CBS is not pursuing this argument; it has asked instead that the court remand its state-law claims to the Illinois circuit court because it contends that resolution of the state-law claim in Count I of the Amended Complaint would entirely obviate the need to adjudicate its federal claims. *See* Resp. 6; *see also Daniels*, 306 at 456 (an allegation that state law procedures inadequately address a plaintiff's claim may make the claim ripe for review). Accordingly, the court dismisses CBS' substantive due process claim (Count IV) without prejudice under Rule 12(b)(1) because it is not ripe for adjudication.

The Village also seeks dismissal of CBS' equal protection claim based on *Williamson County*. While the Seventh Circuit has recognized that a plaintiff might state an equal protection claim in the land use context that is analytically distinct from a takings claim, such a claim (made by a plaintiff who is not a member of a suspect class) may bypass *Williamson County* only if it is based on "(1) the malicious conduct of a governmental agent . . . [such as] conduct that evidences a spiteful effort to 'get' [the plaintiff] for reasons wholly unrelated to any legitimate state objective; or (2) circumstances, such as prayer for equitable relief and a claim [that] would evaporate if the [governmental body] treated everyone equally, that sufficiently suggest that plaintiff has not raised just a single takings claim in different disguises." *Patel v. City of Chi.*, 383 F.3d 569, 573 (7th Cir. 2004) (modifications in original) (finding that "the Plaintiffs have merely relabeled their takings claim as an equal protection claim, presumably to avoid *Williamson County's* ripeness requirements"). Here, CBS has not alleged that it is a

member of a suspect class, but it has sufficiently alleged that the Village allows "other off-premise billboards and non-conforming uses to remain" in the Village and that it has therefore singled out the Sign for disparate treatment. See Am. Complt. ¶ 66. Were the Village to treat all non-conforming uses or billboards equally, CBS' claim would evaporate. *See Patel*, 383 F.3d at 573. CBS has therefore pled allegations sufficient to meet the test outlined in *Patel*. Finally, the court finds that CBS has adequately pled membership in a "class of one" in conformance with *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). The Amended Complaint sufficiently alleges that CBS "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See id.* at 564. The court, therefore, rejects Defendants' challenge to CBS' equal protection claim (Count V) under Rule 12(b)(1) and 12(b)(6). As CBS has asked for its state-law claims to be remanded; the court grants that request. It will consider whether to stay CBS' equal protection claim at the next status hearing scheduled in this case.

### IV. CONCLUSION

Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is granted in part and denied in part. Count IV of the Amended Complaint is dismissed without prejudice. Count VI of the amended complaint is dismissed to the extent it incorporates the allegations of Count IV. The court remands CBS' state law claims to Illinois circuit court. With respect to CBS' equal protection claim (Count V and portions of Count VI) the court will determine whether a stay is appropriate at the next status hearing set in this case. Regarding Defendant's request for the dismissal of the individual defendants from this suit, the plaintiff has not responded to

7

this request.  This part of the motion is therefore denied without prejudice.  Plaintiff has twenty-one days to respond to this portion of the motion.  If Plaintiff fails to respond the individual defendants will be dismissed.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 30, 2009